UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 13 |
| ANGELA EVON LOVE ) | CASE NO.: 19-56240-LRC |
| ) | |
| ) | |
| DEBTOR. ) | |

## CHAPTER 13 TRUSTEE'S
## OBJECTION TO CONFIRMATION & MOTION TO DISMISS

Melissa J. Davey, Chapter 13 Trustee, objects to confirmation of the plan and moves to dismiss this case pursuant to 11 U.S.C. Section 1307(c) for the following reasons:

1. The Debtor has failed to file an Employment Deduction Order.

2. Pursuant to information received from the Internal Revenue Service, 2018 tax returns have not been provided to the taxing authorities, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

3. As the Debtor received a Chapter 7 discharge on June 26, 2015, the proposal to pay unsecured creditors a zero percent (0%) dividend may indicate a lack of good faith in violation of 11 U.S.C. Section 1325(a)(3).

4. The Debtor's Chapter 13 Plan fails to provide for an increase in plan payments when the direct payments of $356.00 per month for Aaron's end in December 2019 and $184.00 per month for when Debtor's 401(k) loan ends November 2019, in possible violation of 11 U.S.C. Sections 1325(a)(3), 1325(b)(1)(B) and 1325(b)(2)(A).

5. The Chapter 13 Plan does not provide for the correct Applicable Commitment Period in violation of 11 U.S.C. Sections 1325(b)(1)(B) and 1325(b)(4)(B).

6. Section 3.6 of the proposed Chapter 13 plan either (1) fails to provide an interest rate to be applied to any allowed secured claims not treated specifically under the plan, preventing the Trustee from properly administering the plan, or (2) improperly crams down the interest rate to less than the current national prime interest rate. 11 U.S.C. Section 1325(a)(5)(B). See Till v. SCS Credit Corp., 541 U.S. 465 (2004).

7. The Trustee requests documentation of the expense in the amount of $170.83

for education expenses for dependent children on line 29 and $450.00 for child support income used for expenses not otherwise claimed on form 22C-2 on line 40 of the Form 122C-2 in order to determine whether the expense is reasonable and necessary. 11 U.S.C. Sections 707(b)(2)(A)(ii)(I) and/or (II) and/or (IV) and/or (V).

Wherefore, the Trustee moves this Honorable Court to consider the above objections at the confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case pursuant to 11 U.S.C. Section 1307(c), and for such other and further relief that this Court deems just and proper.

Dated: June 14, 2019

/s/William A. Bozarth
William A. Bozarth
Attorney for the Chapter 13 Trustee
GA Bar No. 940530
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  (678) 510-1444
Facsimile:  (678) 510-1450

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 13 |
| ANGELA EVON LOVE ) | CASE NO.: 19-56240-LRC |
| ) | |
| ) | |
| DEBTOR. ) | |

### CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing Objection to Confirmation & Motion to Dismiss using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Michael F. Burrow    court@legalatlanta.com, burrowlaw4812@gmail.com;BurrowDR76543@notify.bestcase.com

I further certify that on this day I caused a copy of this document to be served via United States First Class Mail on the following parties at the address shown for each:

DEBTOR(S):
ANGELA EVON LOVE
3120 REVERE CIRCLE
SNELLVILLE, GA  30039

Dated: June 14, 2019

/s/William A. Bozarth
William A. Bozarth
Attorney for the Chapter 13 Trustee
GA Bar No. 940530
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:    (678) 510-1444
Facsimile:    (678) 510-1450